# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

STEPHANIE ADKINS and
DOUGLAS SHORT,

        Plaintiffs,

v.                                              CIVIL ACTION NO. 5:17-cv-04107

MIDLAND CREDIT MANAGEMENT, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Defendant's *Motion to Dismiss Count One [of] the Complaint* (Document 50), the *Memorandum in Support of Motion to Dismiss* (Document 51), the *Plaintiff's Response in Opposition to Defendant's Motion to Dismiss* (Document 55), and *Midland Credit Management, Inc.'s Reply in Support of Motion to Dismiss* (Document 56). In addition, the Court has reviewed all attached exhibits, as well as the *Class Action Complaint* (Document 1). For the reasons stated herein, the Court finds that the motion to dismiss should be denied.

## FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

The named Plaintiffs, Stephanie Adkins and Douglas Short, brought this action on behalf of themselves and a purported class of West Virginia consumers. They named as Defendant Midland Credit Management (MCM).

The Plaintiffs allege that MCM mailed collection letters seeking to collect debt which was beyond the statute of limitations for filing a legal action for collection. They list various dates

between April 19, 2017 and August 18, 2017, but also allege that letters were sent "at other times better known to MCM." (Compl. at ¶ 10-11.) The collection letters "advised Plaintiffs '[b]ecause of the age of your debt, we will not sue you for it…'  when, at those times, MCM and the owner of the debt…was legally barred from suing to collect the debt." (*Id.* at 12.) The Plaintiffs allege violations of the Fair Debt Collection Practices Act (FDCPA) and of the West Virginia Consumer Credit and Protection Act (WVCCPA). They seek injunctive relief, actual damages, statutory penalties, reimbursement of time-barred debt collected, and attorney fees and costs.

Prior to filing their complaint, the Plaintiffs sent MCM a right to cure notice as required by the WVCCPA, W.Va. Code § 46A-5-108. The notice asserted that letters sent by MCM "were an attempt to collect a claim from a West Virginia Consumer in violation of West Virginia Code § 46A-2-128(f) by sending an initial written communication to each such individual where the debt sought to be collected was beyond the statute of limitations for filing a legal action for collection without providing the disclosures required by West Virginia Code § 46A-2-128(f)(1) and (2)." (Right to Cure Notice at 1, Pls.' Ex. A) (Document 55-1.) The notice further states that "all subsequent communications with such individuals and the class of persons they represent violate West Virginia Code § 46A-2-127(d) as a false representation or implication of the character, extent or amount of the claim against the consumer, or of its status in any legal proceeding" and also constitute fraudulent, deceptive or misleading representations in violation of W. Va. Code § 46A-2-127 and unfair and unconscionable means to collect a debt in violation of W.Va. Code § 46A-2-128. (*Id.*) Finally, the letter alleges that "all of the acts complained of above are unfair methods of competition and unfair or deceptive acts or practices in the conduct

2

of any trade or commerce in violation of West Virginia Code § 46A-6-104." (*Id*. at 2.) The Plaintiffs attached five sample letters, the last dated July 19, 2017.[1]

In their October 3, 2017 complaint, the Plaintiffs proposed a class definition of:

> All persons with a West Virginia address who were sent collection letters on or after June 6, 2014, by MCM where the alleged debt sought to be collected was beyond the applicable statute of limitations for filing a legal action for collection when:
> a. The initial letter sent on or after June 6, 2014 did not contain the disclosures required by the WVCCPA, West Virginia Code § 46A-2-128(f); or
> b. Any letter contained the words "due to the age of this debt, we will not sue you"; or
> c. Any letter suggests that the claim against the consumer could be paid in installments without advising the consumer that a payment could re-start the expired statute of limitations and otherwise waive a complete defense to any collection action.

(Compl. at ¶ 17.) On December 7, 2018, the Plaintiffs filed a motion to certify class. (Document 46.) Therein, they proposed the following class definition:

> All persons with West Virginia addresses to whom Midland sent a debt collection letter on or after July 4, 2017 seeking to collect debt that Midland's records indicated had passed its statute of limitations, which letter failed to provide the following disclosure: "The law limits how long you can be sued on a debt. Because of the age of your debt, [Midland] cannot sue you for it."

(Mot. to Cert. Class at 1.)

MCM filed its motion to dismiss on December 21, 2018. The motion is fully briefed and ripe for ruling.

---

[1] The July 19, 2017 letter is addressed to Plaintiff Douglas Short and mailed to his attorney's office. It references a dispute regarding the balance, states that MCM found its information to be correct, and lists the current balance of $992.30. The letter contains the following disclaimer: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid." (July 19, 2017 Letter) (Document 55-1 at 8.)

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it. "In contrast to its treatment of disputed issues of fact when considering a Rule 12(b)(6) motion, a court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion." *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986), rejected on other grounds, *Sheridan v. United States*, 487 U.S. 392 (1988) (but explaining that a court should accept the allegations in the complaint as true when presented with a facial attack that argues insufficiency of the allegations in the complaint). Reasonable discovery may be necessary to permit the party seeking jurisdiction to produce the facts and evidence necessary to support their jurisdictional allegations. *Id.* The party seeking jurisdiction also has the burden of proving that subject matter jurisdiction exists. *See Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Dismissal for lack of subject matter jurisdiction is proper only if there is no dispute regarding the material jurisdictional facts and the moving party is entitled to prevail as a matter of law. *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

**DISCUSSION**

MCM argues that the Plaintiffs' notice and cure letter is inadequate in light of their current proposed class. It argues that the notice did not sufficiently identify the claim that MCM's debt collection letters sent after July 4, 2017 failed to comply with the amendment to the WVCCPA that became effective on that date. MCM further contends that failure to comply with the notice requirement contained in the WVCCPA deprives the Court of jurisdiction.

The Plaintiffs counter that the notice letter cited the specific section of the WVCCPA they

now rely upon, asserted the factual claims that both initial and subsequent letters communicating about out-of-statute debt did not adequately describe the status of that debt, and included sample letters.  In addition, they contend that any procedural deficiency in the notice does not deprive the Court of jurisdiction.

West Virginia Code § 46A-5-108(a) provides: "No action may be brought pursuant to this article and articles two, three, and four of this chapter until the consumer has informed the creditor or debt collector in writing…of the alleged violation and the factual basis for the violation."  This provision was enacted effective June 29, 2017, and there is relatively little case law addressing it. However, courts have considered similar provisions under West Virginia law establishing prerequisites to filing suit.

As an initial matter, the Court finds that the pre-suit notice requirement is not jurisdictional in nature.  As the Plaintiffs note, courts addressed challenges to a similar notice and cure provision contained in another section of the WVCCPA under Rule 12(b)(6), rather than treating the challenges as jurisdictional. *See, e.g.*, *Waters v. Electrolux Home Prods.*, 154 F.Supp. 3d 340 (N.D. W. Va. 2015).  The West Virginia Supreme Court of Appeals has found that the similar statutory requirement that plaintiffs in medical malpractice cases provide defendants with pre-suit notice and a certificate of merit is not a jurisdictional requirement, and dismissal is not always the appropriate remedy for deficiencies in the pre-suit notice.  *Hinchman v. Gillette*, 618 S.E.2d 387, 396 (W. Va. 2005).[2]  Nothing in the language of W.Va. Code § 46A-5-108(a) evinces a clear

---

2 The United States Supreme Court's admonition against interpreting statutes of limitation to be jurisdictional without clear legislative direction is also instructive. *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1632 (2015) ("we have repeatedly held that procedural rules, including time bars, cabin a court's power only if Congress has clearly stated as much.") (internal quotation marks and citations omitted).

legislative intent to establish a jurisdictional rule, contrary to similar provisions in state law that have not been interpreted as jurisdictional requirements. Thus, the motion to dismiss for lack of jurisdiction must be denied.

Even if the Court construes the motion to dismiss pursuant to Rule 12(b)(6), however, it would fail. The Plaintiffs substantially complied with the notice and right to cure provision. The Plaintiffs' right to cure notice tracks the allegations contained in their complaint. It asserts that MCM's letters seeking to collect debt beyond the statute of limitations contained misleading language and/or failed to contain required disclosures regarding the statute of limitations. Although their legal theory appears to have shifted during the course of litigation, the factual substance of their claims remains the same. They have narrowed and tailored their proposed class to focus exclusively on the amended §46A-2-128(f) requirement that specific language be included in communications seeking to collect debt beyond the statute of limitations, rather than the range of legal theories and potential classes proposed in the complaint. The notice letter contained sufficient information to alert MCM to an alleged deficiency in its communication with West Virginia consumers regarding debt outside the statute of limitations. The letter even specifically cited §46A-2-128(f), the provision now relied upon.

In considering a challenge to the sufficiency of a pre-suit notice, the West Virginia Supreme Court's decision in *Hinchman* is again instructive. The *Hinchman* court advised courts to review challenges to the sufficiency of the medical malpractice notice of claim and certificate of merit "in light of the statutory purposes of preventing the making and filing of frivolous medical malpractice claims and lawsuits; and promoting the pre-suit resolution of non-frivolous medical

6

malpractice claims." *Hinchman*, 618 S.E.2d at Syl. Pt. 6.[3] Likewise, the Court has considered the extent to which plaintiffs may alter a proposed class definition from that included in an initial pleading without formally amending the complaint. *Henderson v. Corelogic Nat'l Background Data, LLC*, No. 3:12CV97, 2016 WL 4611571, at *4 (E.D. Va. Sept. 2, 2016) (providing an overview of cases). Where the Plaintiffs are "not attempting to offer an entirely new claim or theory of the case" but instead seek "to refine the theory that they have espoused since the initiation of [the] case," a change in the class definition does not require an amendment of the complaint. *Id*. The refined legal theory and more limited proposed class here does not require an amendment to the complaint, and the purposes of the notice and cure provision would not be furthered by requiring additional notice in this case, as the Defendant was aware through the discovery process of the shift in focus and retained the ability to negotiate toward settlement if it desired to do so.[4] Accordingly, because the Plaintiffs' notice of right to cure letter was legally sufficient, the motion to dismiss must be denied on the substance.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Motion to Dismiss Count One [of] the Complaint* (Document 50) be **DENIED**.

---

3 MCM argues that it is severely prejudiced by the Plaintiffs' failure to specify the precise legal theory and proposed class now propounded because it was deprived of the opportunity to correct its failure to update its systems to comply with the amended WVCCPA. The burden of complying with the law, however, rests on MCM as a debt collector, and it cannot outsource that burden to the Plaintiffs. In addition, the issue herein is a shift or narrowing in the focus of the Plaintiffs' litigation, rather than a purposeful failure to clearly identify the alleged violation. Had the Plaintiffs either filed their initial claim after their counsel settled on the per-se §128(f) violations or sought to amend their complaint to more clearly delineate those violations as the focus of their claims, MCM would be in the same position.
4 In a recent case in this district, Judge Chambers approved a procedure wherein a plaintiff served a right to cure letter on a defendant contemporaneously with filing a motion to amend, and the court granted the motion to amend after the time period for resolution of a notice of right to cure had expired. *Henry v. Ocwen Loan Servicing, LLC*, No. CV 3:17-1789, 2017 WL 5503718, at *2 (S.D.W. Va. Nov. 16, 2017) (Chambers, J.).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: March 26, 2019

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA