IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

STEPHANIE ADKINS and
DOUGLAS SHORT,

        Plaintiffs,

v.                            CIVIL ACTION NO. 5:17-cv-04107

MIDLAND CREDIT MANAGEMENT, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiffs' Motion for Class Certification* (Document 46), the *Memorandum of Law in Support of Plaintiffs' Motion for Class Certification* (Document 47), the Defendant's *Memorandum in Opposition to Plaintiffs' Motion for Class Certification* (Document 75), and the *Plaintiffs' Reply in Further Support of Plaintiffs' Motion for Class Certification* (Document 72).[1] In addition, the Court has reviewed all attached exhibits. For the reasons stated herein, the Court finds that the motion should be granted.

**FACTS**

The named Plaintiffs, Stephanie Adkins and Douglas Short, brought this action on behalf of themselves and a purported class of West Virginia consumers. They named as Defendant Midland Credit Management (MCM). The Plaintiffs allege that MCM mailed collection letters

---

[1] The Plaintiffs replied to an earlier version of the Defendant's response. The Court denied a motion to seal certain materials and permitted the Defendant to refile its response and exhibits. However, the substance of the response did not change, and the Plaintiffs' earlier reply remains the applicable pleading.

seeking to collect debt which was beyond the statute of limitations for filing a legal action for collection without including disclosures required by the West Virginia Consumer Credit and Protection Act (WVCCPA).

The Plaintiffs seek to certify the following class:

> All persons with West Virginia addresses to whom Midland sent a debt collection letter on or after July 4, 2017 seeking to collect debt that Midland's records indicated had passed its statute of limitations, which letter failed to provide the following disclosure: "The law limits how long you can be sued on a debt. Because of the age of your debt, [Midland] cannot sue you for it."

(Mot. to Cert. Class at 1.) The Plaintiffs assert that those letters violate W.Va. Code §46A-2-128(f), which was amended effective July 4, 2017. That provision requires that the following language be included in written communications seeking to collect debt beyond the statute of limitations: "The law limits how long you can be sued on a debt. Because of the age of your debt, (INSERT OWNER NAME) cannot sue you for it." W.Va. Code § 46A-2-128(f). MCM sent 14,313 letters to West Virginia consumers with debt its software identified as being outside the statute of limitations that did not include the required disclosure.[2] Those letters relate to 11,774 separate accounts.

MCM sent a letter dated July 19, 2017, to Mr. Short's attorney's office. The letter was addressed to Mr. Short, but mailed to his attorney's office. The letter lists a current balance of $992.30. It references a dispute, indicates that MCM concluded that its "information is accurate" and verified the amount of Mr. Short's outstanding balance. (Short Letter, att'd as Pl.'s Ex. B) (Document 72-2.) The letter contains the following language: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid." (*Id.*) The same language appears in a letter dated July 12, 2017, that MCM sent to

---

2 MCM's letters instead included the following disclosure: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it."

Ms. Adkins. Ms. Adkins' letter lists a balance of $849.73 and offers "payment options" with a 40% discount for paying the reduced amount due in full by August 11, 2017, a 20% discount for paying the reduced amount due in six monthly payments, with the first payment due by August 11, 2017, or "Monthly Payments As Low As: $50 per month." (Adkins Letter, att'd as Pl.'s Ex. C) (Document 72-3.)

MCM operates as a debt collector, servicing charged-off accounts acquired by Midland Funding, LLC. MCM and Midland Funding share a parent corporation, Encore Capital Group, Inc. The accounts that are part of the proposed class originated with approximately 57 creditors, each with different account agreements, [before being sold to Midland Funding]. Some of those account agreements contain arbitration clauses and/or choice of law or venue provisions.

MCM identifies accounts that are beyond the statute of limitations by using software to establish an estimated statute of limitations expiration date.

> First, the system calculates the date on which the statute of limitations accrues by using available date related to last payment, date of occurrence, and/or date the account was opened. Notably, when calculating date of occurrence, the calculation is made by subtracting 180 days from the date of charge-off, plus an additional buffer of 30 extra days. In this way, the date of occurrence calculation is intentionally conservative, potentially shortening the effective estimated statute of limitations by 30 days.
>
> Once the accrual date is determined, the system estimates which statute of limitations applies, or in other words how many years the applicable statute of limitations should be. This step is an automated calculation that relies on relevant data points, including information provided by the original creditor, the state of the consumer's last known/best address, certain information included in applicable account agreements, whether and when the consumer has made payments on the debt, the type of debt, whether the account is subject to the Uniform Commercial Code, etc.

(Declaration of Jared McClure, att'd as Ex. 1 to Def.'s Resp., at ¶¶ 15-16) (Document 75-1.) The system does not account for facts that might toll the statute of limitations. As a policy, MCM does not revive debt if a debtor makes a payment after the statute of limitations had expired, and so it continues to treat such accounts as though they are beyond the applicable statute of limitations, regardless of state laws that may restart the statute of limitations upon payment. Where it is not clear which state's laws govern an account,

MCM's system is designed to apply the shorter possible applicable statute of limitations. Thus, MCM contends that its estimated statute of limitations is intentionally over-inclusive.

MCM monitors changes in federal and state laws and regulations related to debt collection. Between January and April 2017, MCM implemented a new system for requesting changes in its debt collection correspondence. Previously, the department or individual suggesting a change would email Marketing, and Marketing held follow-up meetings. Under the new system, the department or individual suggesting a change emails Marketing with a uniform request form, and Marketing holds follow up meetings. On April 28, 2017, shortly after the implementation of the procedure requiring use of the uniform request form, MCM's Legal/Compliance Department emailed the Director of Marketing with a description of the amendments to the WVCCPA, requesting that letter templates be changed as of July 4, 2017, to include the required language for debt outside the statute of limitations, but did not use the uniform request form. Marketing did not implement the change, and no follow up occurred until the Legal/Compliance Department discovered on or about August 9, 2017, that the change had not been made. Marketing corrected the letter templates by August 25, 2017. MCM has filed a motion for summary judgment (Document 66) asserting a bona fide error defense based on these procedures.

The Plaintiffs filed their motion for class certification on December 7, 2018. Briefing is now complete, and the matter is ripe for ruling.

**APPLICABLE LAW**

Rule 23 of the Federal Rules of Civil Procedure governs class action litigation. Rule 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

The Plaintiffs seek to certify a class pursuant to Rule 23(b)(3), which requires that "the court find[] that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

"Actions. . . brought under Federal Rule of Civil Procedure 23(b)(3), may be brought only if the numerosity, commonality, typicality, representativeness, predominance, and superiority requirements of both Rule 23(a) and (b)(3) are met." *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001). "The party seeking class certification bears the burden of proof." *Id.* In *Lienhart*, the Fourth Circuit detailed the standards applicable to those requirements.

> [N]umerosity requires that a class be so large that joinder of all members is impracticable. Commonality requires that there are questions of law or fact common to the class. The common questions must be dispositive and over-shadow other issues. Typicality requires that the claims of the named class representatives be typical of those of the class; a class representative must be part of the class and possess the same interest and suffer the same injury as the class members. Representativeness requires that the class representatives will fairly and adequately protect the interests of the class. . . . Predominance requires that common questions of law or fact predominate over any questions affecting only individual members. The predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation. Superiority requires that a class action be superior to other methods for the fair and efficient adjudication of the controversy.

*Id.* at 146–47 (internal punctuation, quotation marks, and citations omitted). The court further noted that some of the requirements involve interrelated considerations and may merge together. *Id*; *see also Brown v. Nucor Corp.*, 576 F.3d 149, 152 (4th Cir. 2009), *as amended* (Oct. 8, 2009).

**DISCUSSION**

The Plaintiffs argue that the thousands of class members fulfill the numerosity requirement. They contend that the core issues of law and fact are identical across the class and cite cases finding similar consumer lawsuits ideally suited for class resolution. The named Plaintiffs assert that their claims are typical of the class and that they are capable of fairly and adequately representing the class. They again assert that common issues predominate over individual questions and that a class action is a manageable and efficient mechanism for resolving the claims, particularly as most class members would be unlikely to receive any relief absent class resolution.

MCM argues that the Plaintiffs' class definition is flawed because it relies on MCM's over-inclusive estimate of accounts that are beyond the statute of limitations, rather than establishing the actual statute of limitations legally applicable to each account. It contends that the individualized inquiry necessary to establish the statute of limitations as to each account would be too fact-intensive to permit the claims to be processed as a class. MCM further contends that many of the accounts are subject to arbitration agreements within the original credit account agreements. MCM also argues that the named Plaintiffs do not have claims typical of those of the putative class because their letters were sent to their attorneys' offices, and Mr. Short's letter is a response to a dispute about the balance, rather than an explicit collection letter.

Because the Court views MCM's arguments regarding the statute of limitations and arbitration agreements as pertaining more to the scope of a potential class than to the Rule 23 factors for determining whether a class should be certified, the Court will address those issues first.

### A. Statute of Limitations

MCM contends that its system for identifying accounts with an expired statute of limitations is over-inclusive, and some consumers with accounts within the applicable statute of limitations received letters containing its disclaimer that "the law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it." The Plaintiffs' claims in this case rest on a statutory requirement set forth in the WVCCPA that specific language be included in correspondence regarding debts that are beyond the statute of limitations.

The Plaintiffs relied on Defendant, MCM's records to define their class and the Court finds that the Plaintiffs' resulting class definition is not over-broad. The Defendant has not identified any individual(s) who are improperly included within the class as currently defined, instead asking the Court to consider the question outside the context of specific litigants or groups of class members impacted by the alleged over-broadness, with account histories and similar information to guide a decision. The concern that some individuals who are not entitled to recovery because the statute of limitations has not actually expired on their debt may be more efficiently addressed during class administration.[3] Information related to account status and the applicable limitations periods is within MCM's possession and control, and it will have the opportunity to identify and object to any class members it contests.

---

3 The Court does not decide herein whether such individuals are entitled to relief. The Court could conclude, as the Defendant urges, that the requirements contained within Section 128(f) of the WVCCPA apply only to accounts that are actually outside the statute of limitations. Alternatively, the Court could conclude that when a debt collector identifies and treats an account as outside the statute of limitations and advises a consumer that his or her debt cannot be collected through a lawsuit because of its age, West Virginia law requires use of the language set forth in 28 W.Va. § 46A-2-128(f). Should the question be presented with regard to specific accounts or groups of accounts, the Court will consider the issue.

### B. Arbitration

MCM further contends that some members of the Plaintiffs' proposed class may be subject to arbitration agreements. A federal district court in the Northern District of Illinois considering similar claims against MCM found that, because "Midland Funding LLC, not Midland, is the assignee and owner of putative class members' underlying debt obligations . . . the benefits of any class action waiver or arbitration provision contained in underlying credit agreements do not redound to Midland." *Pierre v. Midland Credit Mgmt., Inc.*, No. 16 C 2895, 2017 WL 1427070, at *9 (N.D. Ill. Apr. 21, 2017). In this district, Judge Johnston has held that WVCCPA claims brought by the spouse of a consumer who entered into a contract with Dell Financial Services were not subject to the arbitration agreement contained in the contract because the defendant's duties to him arose by virtue of its status as debt collector and did not implicate a duty of the defendant contained in the contract. *Wilson v. Dell Fin. Servs., L.L.C.*, No. CIV.A. 5:09-CV-00483, 2009 WL 2160775, at *5 (S.D.W. Va. July 16, 2009) (Johnston, J.) Although that case involved a third party to the contract on the consumer side of the dispute, the reasoning that claims related to debt collection do not arise from the underlying contract is instructive. Those cases cast substantial doubt on whether any arbitration agreements contained in the underlying credit agreements extend to the claims herein. However, the Court finds that the appropriate procedure to resolve any dispute regarding arbitration is through consideration of motions to compel arbitration following certification of the class. This will permit both the parties and the Court to address the arbitration agreements in the context of the actual agreement allegedly entered into by a Plaintiff or class member, rather than attempting to opine on sample agreements. The Defendant's representation

8

that some proposed class members may be subject to arbitration agreements is not sufficient to defeat class certification.

C. Rule 23 Factors

The thousands of purported class members in this case is more than sufficient to establish numerosity. The class claims are bound by common core allegations and defenses, as all class claims rest on the same language in debt collection letters sent during the same limited time period.

The Court further finds that the named Plaintiffs' claims are typical of the class claims. Although the letter to Mr. Short did not expressly demand payment, it verified the claimed balance due, and was therefore sent in connection with the collection or attempt to collect a debt. *Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119, 123 (4th Cir. 2014) (holding that a provision of the FDCPA similar to the WVCCPA's prohibition on use of misleading means to collect debt does not require "that a debt collector's misrepresentation be made as part of an express demand for payment or even as part of an action designed to induce the debtor to pay.") Further, the provision at issue in this case expressly requires inclusion of the statute of limitations disclosure in "all written communications" with the consumer. W.Va. Code § 46A-2-128. The Fourth Circuit has also interpreted the FDCPA to extend liability for violations contained in communications sent to a debtor's counsel, as well as communications sent directly to the consumer. *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 232–33 (4th Cir. 2007) (relying in part on a provision requiring that debt collectors communicate only with the debtor's attorney after becoming aware that the debtor is represented—a provision that is also contained in the WVCCPA). Thus, the facts specific to the named Plaintiffs do not serve to distinguish their cases legally from those of the purported class members. Likewise, the named Plaintiffs' claims are representative of those of the purported

9

class, they have no interests antagonistic to the class, and there is no dispute that their counsel are experienced and capable.

Finally, the Court finds that the Plaintiffs have satisfied Rule 23(b)(3)'s requirements that common issues predominate and that a class action is the superior method of adjudication. The Plaintiffs have narrowed their claims to alleged per-se violations of Section 128(f) of the WVCCPA. The simplicity and narrowness of their core claim does not alter its status as the central issue in this litigation. That core issue predominates over any issues subject to resolution on a less than class-wide basis. Given the number of essentially identical claims, all seeking relatively low statutory damages, class resolution is a superior—and indeed, ideal—method of resolution. Few class members would be likely to seek relief absent class resolution, and the costs to the parties and to judicial resources involved in individual resolution would be untenable.

MCM's concerns about the difficulty of ascertaining who may properly be included in the class assumes that the alternative to class litigation is *no* litigation or relief for eligible consumers, rather than individual litigation. That may be the practical effect of a denial of class certification for many potential class members, but it is not the applicable standard for the Court's consideration. Processing the claims as a class, even with the additional administrative burden of identifying individuals who obtained the debt in states with a different statute of limitations or distinguishing between signed and unsigned contracts, is certainly more efficient than individual litigation of thousands of nearly-identical claims involving the same core legal issues.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiffs' Motion for Class Certification* (Document 46) be **GRANTED**. The Court further **ORDERS** that a class defined as follows be **CERTIFIED**:

> All persons with West Virginia addresses to whom Midland sent a debt collection letter on or after July 4, 2017 seeking to collect debt that Midland's records indicated had passed its statute of limitations, which letter failed to provide the following disclosure: "The law limits how long you can be sued on a debt. Because of the age of your debt, [Midland] cannot sue you for it."

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: April 9, 2019

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA