UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

STEPHANIE ADKINS and,
DOUGLAS SHORT, on behalf of themselves
and all others similarly situated,

        Plaintiffs,

v.                                                        CIVIL ACTION NO. 5:17-cv-04107

MIDLAND CREDIT MANAGEMENT, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are Defendant Midland Credit Management, Inc.'s ("MCM's") motions to exclude individuals whose debts are not time-barred from the class [Doc. 105] and to compel arbitration [Doc. 107].

### I.

The West Virginia Consumer Credit Protection Act ("WVCCPA") requires debt collectors to include the following disclosure in certain correspondences with the debtor: "The law limits how long you can be sued on a debt. Because of the age of your debt, [OWNER] *cannot* sue you for it." W. Va. Code § 46A-2-128(f) (emphasis added). This action concerns letters sent by MCM that instead contained the following disclosure: "The law limits how long you can be sued on a debt. Because of the age of your debt, we *will* not sue you for it."

On December 7, 2018, Plaintiffs moved to certify a class with a definition consisting of the following language:

> All persons with West Virginia addresses to whom Midland sent a debt collection letter on or after July 4, 2017 seeking to collect debt that Midland's records indicated had passed its statute of limitations, which letter failed to provide the following disclosure: "The law limits how long you can be sued on a debt. Because of the age of your debt, [Midland] cannot sue you for it."

[Doc. 46]. MCM opposed certification on two grounds [*See* Doc. 59]. First, MCM contended that the proposed class definition encompassed debts that had not, in fact, creeped past the statute of limitations ("non time-barred accounts") [*Id.* at 15]. For these accounts, MCM contended, the statutory disclosure is unnecessary [*See id.*]. Second, MCM objected that certain class members are bound by arbitration agreements and class action waivers [*See id.* at 18]. MCM contended that determining which accounts fall within these respective categories requires a fact-intensive inquiry to defeat class certification.

On April 9, 2019, Judge Berger certified the class as defined by Plaintiffs [*See* Doc. 89]. Judge Berger deferred ruling, however, on the scope of the class with respect to MCM's objections concerning non time-barred accounts and arbitration agreements/class action waivers ("arbitration and waiver agreements") [Doc. 89 at 7-8]. Judge Berger invited MCM to develop each of these objections "with regard to specific accounts or groups of accounts" [*Id.* at 7, n.3; *see id.* at 8]. MCM thereafter petitioned for leave to appeal class certification pursuant to Federal Rule of Civil Procedure 23(f) [Doc. 93]. Our Court of Appeals denied the petition on May 22, 2019 [Doc. 98].

On June 7, 2019, Judge Berger entered a scheduling order directing the parties to brief the matters of non-time-barred accounts and arbitration and waiver agreements within thirty (30) days [Doc. 101]. Judge Berger further ordered discovery with respect to the arbitration and waiver agreements at issue [*Id.*]. The action was subsequently reassigned to the undersigned judge on October 29, 2019 [Doc. 113].

II.

Federal Rule of Civil Procedure 23 provides, in relevant part, as follows:

One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "Although the rule speaks in terms of common questions, 'what matters to class certification . . . [is] the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *EQT Prod. Co. v. Adair*, 764 F.3d 347, 360 (4th Cir. 2014) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

Rule 23 also "contains an implicit threshold requirement that the members of a proposed class be 'readily identifiable'" – *i.e.*, "ascertainable." *Krakauer v. Dish Network, LLC*, 925 F.3d 643, 654-55 (4th Cir. 2019) (quoting *Adair*, 764 F.3d at 358). "A class cannot be certified unless a court can readily identify the class members in reference to objective criteria." *Id.* (quoting *Adair*, 764 F.3d at 358). "The goal is not to 'identify every class member at the time of certification,' but to define a class in such a way as to ensure that there will be some administratively feasible [way] for the court to determine whether a particular individual is a member' at some point." *Id.* (quoting *Adair*, 764 F.3d at 358) (internal citation omitted).

A district court retains discretion "to modify [the class] in light of subsequent developments in the litigation." *City of Cape Coral Mun. Firefighters' Ret. Plan v. Emergent*

3

*Biosolutions, Inc.*, 322 F. Supp. 3d 676, 682 (D. Md. 2018) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982)); *see Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir. 1983) ("Under Rule 23 . . . the district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts.").

### III.

In the first pending motion, MCM requests that the Court exclude non-time-barred accounts from the class or, in the alternative, decertify the class [*See* Doc. 106].[1]

In certifying the class, Judge Berger concluded the predominant issue common to the class was the "alleged per-se violations of [§] 128(f) of the WVCCPA" [Doc. Doc. 89 at 10]. Section 128(f) specifically proscribes the following as a prohibited "unfair or unconscionable means" to collect a debt:

> When the debt is beyond the statute of limitations for filing a legal action for collection, failing to provide the following disclosure informing the consumer in all written communication with such consumer that:
>
> (1) When collecting on a debt that is not past the date for obsolescence provided for in Section 605(a) of the Fair Credit Reporting Act, 15 U. S. C. 1681c: "The law limits how long you can be sued on a debt. Because of the age of your debt, (INSERT OWNER NAME) cannot sue you for it. If you do not pay the debt, (INSERT OWNER NAME) may report or continue to report it to the credit reporting agencies as unpaid"; and
>
> (2) When collecting on debt that is past the date for obsolescence provided for in Section 605(a) of the Fair Credit Reporting Act, 15 U. S. C. 1681c: "The law limits how long you can be sued on a debt. Because of the age of your debt, (INSERT OWNER NAME) cannot sue you for it and (INSERT OWNER NAME) cannot report it to any credit reporting agencies."

W. Va. Code § 46A-2-128(f). MCM contends that class members whose debts were not actually

---

[1] MCM identifies 219 non time-barred accounts but represents that it has not yet conducted a full review [*Id.*].

4

time-barred should be excluded from the class inasmuch as the disclosure contained in § 46A-2-128(f) does not apply to non-time-barred debts.

The argument aligns neatly with the plain language of the statute. *See* W. Va. Code § 46A-2-128(f) (requiring the disclosure "when the debt is beyond the statute of limitations"). A contrary reading would require a debt collector to represent to the consumer that it "cannot sue" for a debt that is, in fact, within the limitations period.

Plaintiffs nevertheless contend that "it is appropriate to use a defendant's own internal statute of limitation calculation" -- which includes non-time-barred debts[2] -- to define the scope of the class [Doc. 109 at 5]. Absent the predicate claim under § 46A-2-128(f), however, the non-time-barred class members do not share the predominant questions of law and fact common to the remainder of the class [*See* Doc. 89 at 10 ("Plaintiffs have narrowed their claims to alleged per-se violations of Section 128(f) of the WVCCPA . . . That core issue predominates over any issues subject to resolution on a less than class-wide basis.")].

Based upon the foregoing discussion, the Court excludes non-time-barred accounts from the class [See Doc. 106].

### IV.

In the second pending motion, MCM seeks to compel arbitration and enforce class action waivers [Doc. 107].[3]

"[C]ourts must 'rigorously enforce' arbitration agreements according to their

---

[2] MCM represents that the calculation yields "conservative estimates . . . that often lead to MCM not pursuing the full extent of its legal rights" [Doc. 106 at 3].

[3] MCM identifies 5,353 accounts potentially bound by arbitration and/or waiver agreements, with more subject to identification with additional time [Doc. 108 at 12-13].

5

terms." *American Exp. Co. v. Italian Colors Restaurant*, 570 U.S. 228, 233 (2013) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985)). Class actions are no exception. *See id.* at 234 (deeming it "likely" that invalidating arbitration agreements in the context of a class action "would be an 'abridge[ment]' or 'modif[ication]' of a 'substantive right' forbidden to the Rules [of Civil Procedure]" (citing 28 U.S.C. § 2072(b))). Nonetheless, "before referring a dispute to an arbitrator," a court is tasked with "whether a valid arbitration agreement exists." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019).

Plaintiffs do not object, "in principle, to the removal of class members . . . for whom MCM has demonstrated" binding arbitration and/or waiver agreements [Doc. 111 at 2]. Accordingly, Plaintiffs do not object to the exclusion from the class of eight (8) class members bound by agreements specifically set forth in the record. The balance of arbitration and/or waiver agreements identified by MCM, however, are not set forth in the record; they are instead identified in the affidavit of Sean Mulcahy, Manager, Media of MCM [Doc. 107-2 at ¶ 1].

Mr. Mulcahy explains that the agreements arise from financial institutions and original creditors that subsequently assigned the agreements to MCM [Doc. 107-2 at ¶¶ 5-6]. Mr. Mulcahy identifies seventy-six (76) such original creditors [*Id.* at ¶ 7], with eleven (11) creditors originating the bulk of the accounts (8,517 of 11,774) [*Id.* at ¶ 45]. Of these 8,517 class members, MCM "ha[s] located 4,793 accounts" that are purportedly bound by arbitration and/or waiver agreements [See Doc. 107 at 7]. To document these agreements, MCM submitted the aforementioned eight (8) exemplar agreements. Beyond the eleven primary creditors, MCM identifies an additional 560 accounts subject to arbitration and/or waiver agreements [Doc. 107-2 at ¶ 46].

The agreements here are not missing or lost; they are simply multitudinous and burdensome to produce. At the same time, MCM encounters strong headwinds in attempting to essentially bypass production of the actual agreements. As noted by our Court of Appeals, a party seeking to compel arbitration must prove the following:

> (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and[,] (4) the failure, neglect or refusal of the [opposing party] to arbitrate the dispute.

*Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 84 (4th Cir. 2016) (quoting *Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 696 n.6 (4th Cir. 2012)). *But see Hill v. Emp'ee Res. Group, LLC*, 2020 WL 3055936, *3 (4th Cir. June 9, 2020) (allowing substantiation of arbitration agreement by "clear and conclusive evidence" where an arbitration agreement is missing or lost). The Court of Appeals in *Galloway* additionally observed as follows:

> The "written arbitration agreement" that is necessary to bring an agreement within the FAA's scope is an "actual document—the physical embodiment of the underlying legal obligations" . . . .

*Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 89 (4th Cir. 2016).

When, as is apparently the case here, a party denies the existence of an agreement to arbitrate, the Federal Arbitration Act directs the Court to "proceed summarily to the trial thereof." 9 U.S.C. § 4; *see also Berkeley Cty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 241 (4th Cir. 2019); *Dillon v. BMO Harris Bank, N.A.*, 787 F.3d 707, 713 (4th Cir. 2015) (emphasizing that district court must conduct trial on motion to compel arbitration where material factual dispute exists). Accordingly, MCM's motion to compel arbitration is **DENIED WITHOUT PREJUDICE** pending the aforementioned summary trial.

It is further **ORDERED** that the summary trial be, and hereby is, **SCHEDULED for Tuesday, October 27, 2020, at 9:00 a.m. at the Robert C. Byrd Courthouse in Beckley, West Virginia.**

V.

Having determined that MCM's internal calculations alone cannot sustain the scope of the class, the Court must determine whether the class is "readily identifiable" otherwise. Our Court of Appeals held that "[a] class cannot be certified unless a court can readily identify the class members in reference to objective criteria." *Adair*, 764 F.3d at 358. "If class members are impossible to identify without extensive and individualized fact-finding or mini-trials, then a class action is inappropriate." *Id.* (quoting *Marcus*, 687 F.3d at 592–94). On remand, the Court gave the district court specific instruction to "give greater consideration to the administrative challenges" posed by identifying class members. *Id.* at 360.

MCM contends that the class is not "readily identifiable," [Doc. 106 at 13–16], and that it faces numerous challenges in identifying which of the 11,774 class members (1) are, in fact, time-barred at the time they received the letters in dispute and (2) are not subject to arbitration and/or waiver agreements [*See* Doc. 105-1; Doc. 107-2]. MCM avers that the data points necessary to identify this class include the age of the debt, choice of law and conflict of law matters, any specific circumstances that might reset or toll the limitations period (such as recent payments, bankruptcies, etc.), and specific contract terms between the original creditors and the consumer [*Id.*]. Such inquiries, MCM contends, are the kind of "extensive and individualized fact-finding" that the "readily identifiable" requirement deems inappropriate in class action. *EQT Prod. Co.*, 764 F.3d at 358.


Opposing the request, Plaintiffs contend that the pertinent data for determining the time bar status is, or should be, in MCM's control [*See* Doc. 109 (citing *Hayes v. Convergent Healthcare Recoveries, Inc.*, No. 14-1467, 2016 WL 5867818 at *6 (C.D. Ill. Oct. 7, 2016) (granting certification notwithstanding a similar objection because "such information should be readily available to those in the business of collecting debts"))]. Moreover, calculating the limitations period and determining the existence of an arbitration agreement falls within the ordinary business practices of debt collectors [*Id.*].

The Court deems it advisable to adjudicate this issue following the aforementioned summary trial. The ruling therein may radically affect the scope of the class and the administrative burdens posed by identifying the remaining class members. Accordingly, MCM's request to decertify the class is **DENIED WITHOUT PREJUDICE**.

## VI.

Accordingly, the Court **GRANTS**, as moulded, Defendant's Motion to Exclude Individuals Whose Debts are Not Time-Barred From the Class **[Doc. 105]** and **DENIES WITHOUT PREJUDICE** Defendant's Motion to Compel Arbitration and Amend Class Definition **[Doc. 107]** pending the § 4 summary trial.

The Clerk is ordered to send a copy of this Memorandum Opinion and Order to all counsel of record and any unrepresented parties.

ENTERED: September 28, 2020



Frank W. Volk
United States District Judge

page number