UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

STEPHANIE ADKINS and,
DOUGLAS SHORT, on behalf of themselves
and all others similarly situated,

        Plaintiffs,

v.                                       CIVIL ACTION NO.  5:17-cv-04107

MIDLAND CREDIT MANAGEMENT, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has received the parties' briefing respecting whether a class of accounts that were time barred when the letters at issue were sent is "readily identifiable—*i.e.* ascertainable." Oral argument is unnecessary, inasmuch as the facts and legal contentions are adequately set forth in the briefing. The matter is ready for adjudication.

I.

The Court incorporates the discussion in the September 28, 2020, Memorandum Opinion and Order. [Doc. 119]. Following that decision, the parties arrived at a stipulation regarding which accounts are subject to an arbitration agreement. [Doc. 120]. The parties then requested time to determine whether an additional stipulation might be explored regarding the remaining class members whose underlying debts were not time barred. [Docs. 124, 125]. On December 15, 2020, the parties advised the Court their efforts were unsuccessful. [Doc. 126]. They proposed a briefing schedule "regarding whether a class of accounts that were time barred when

the letters at issue were sent is 'readily identifiable—i.e. ascertainable.'" [*Id.*]. The Court then set the briefing schedule. [Doc. 127].

On December 28, 2020, Defendant Midland Credit Management, Inc. ("MCM") filed its brief. [Doc. 129]. It contends that the many factors influencing whether each account is time barred results in an inability to readily identify the class. [*Id*. at 1–2]. MCM asserts that its internal data cannot readily identify accounts which are not time barred, as MCM's calculations only provide an "intentionally conservative estimate of the expiration of the statute of limitations." [*Id*. at 7–8]. The accounts originate with fourteen different creditors and have different terms and conditions impacting the applicable statute of limitations, implicating at least eight different states' laws. [*Id*. at 8]. MCM's Account Spreadsheet identifies the date of the last payment to the issuer and the date of charge off, but it does not identify the date of default or breach. [*Id*. at 14]. MCM argues that the fact investigation and legal analysis necessary to determine which accounts are time barred means the class should be de-certified. [*Id.* at 18].

On December 28, 2020, Plaintiffs Stephanie Adkins and Douglas Short defined a modified class definition which they claim resolves the ascertainability issue:

> All persons with West Virginia Addresses, who did not file bankruptcy on or after July 4, 2017, to whom Midland sent a debt collection letter on or after July 4, 2017 seeking to collect debt that originated from creditors Barclays Bank Delaware; Capital One; Chase; Citibank; GE Capital Retail Bank; HSBC; or WebBank, which letter was sent five years after charge off or five years plus sixty days after last payment, whichever is later, and which letter failed to provide the following disclosure: "The law limits how long you can be sued on a debt. Because of the age of your debt, [Midland] cannot sue you for it."

[Doc. 130 at 3]. Using this definition, the data MCM provided during the litigation can identify the class members. [*Id.* at 5]. Plaintiffs argue that the definition provides a conservative estimate that 2,099 accounts were time barred when MCM sent the collection letter without the required notice. [*Id.* at 6]. Plaintiffs assert that courts frequently find that limitations defenses do not

preclude class certification. [*Id.* at 11 (citing *Childress v. JPMorgan Chase & Co.*, No. 5:16-cv-00298, 2019 WL 2865848, at *11 (E.D.N.C. 2019))]. Finally, Plaintiffs submit that any individuals improperly designated in Plaintiffs' proposed class can be identified and excluded by the parties through stipulation or additional litigation. [*Id.* at 11].

On January 13, 2020, MCM responded, asserting that Plaintiffs' proposed class definition is inappropriate for certification. [Doc. 131]. First, MCM contends that the new class cannot benefit from the summary judgment entered by the court on April 10, 2019, which concerned members whose accounts were beyond the statute of limitations when the collection letters were sent. [*Id.* at 4–5 (citing [Doc. 90])]. Second, MCM asserts that Plaintiffs cannot seek a new certification suffering from the same ascertainability issues present in the moulded definition. [*Id.* at 2]. MCM contends that individual inquiries into payment history, balance due, correspondence between the creditor and borrower, potential tolling, and revival issues prevent class certification. [*Id.* at 9–10]. Finally, MCM insists the type of claims administration blessed in *Krakauer v. Dish Network, LLC* would be inappropriate here due to the earlier entry of summary judgment. [*Id.* at 19–20 (referencing *Krakauer v. Dish Network, LLC*, 925 F.3d 643, 651 (4th Cir. 2019))].

On January 13, 2020, Plaintiffs asserted their amended class definition resolved MCM's concerns about individual inquiries. [Doc. 132 at 3]. Plaintiffs first contend that although the proposed class may exclude some members whose debts were time barred, the Court has discretion to certify a narrower class. [*Id.* at 4]. Second, Plaintiffs insist that applying West Virginia's longer limitations period addresses MCM's concerns with applying too many state limitations provisions. [*Id.* at 5]. Plaintiffs also assert that excluding members who have filed for bankruptcy resolves MCM's concerns about tolling and is something routinely done. [*Id.* at 6].

Plaintiffs also applied their class definition to example accounts MCM addressed in its brief to confirm that the definition correctly excludes accounts which are not time barred. [*Id.* at 7–8]. Finally, Plaintiffs assert that narrowing the class is consistent with Rule 23 and our Court of Appeals' precedent. [*Id.* at 10].

## II.

*Federal Rule of Civil Procedure* 23 governs class actions and provides pertinently as follows:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "Although the rule speaks in terms of common questions, 'what matters to class certification . . . [is] the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *EQT Prod. Co. v. Adair*, 764 F.3d 347, 360 (4th Cir. 2014) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

Rule 23 also "contains an implicit threshold requirement that the members of a proposed class be 'readily identifiable'" – *i.e.*, "ascertainable." *Krakauer v. Dish Network, LLC*, 925 F.3d 643, 654-55 (4th Cir. 2019) (quoting *Adair*, 764 F.3d at 358). "A class cannot be certified unless a court can readily identify the class members in reference to objective criteria." *Id.* (quoting *Adair*, 764 F.3d at 358). "The goal is not to 'identify every class member at the time of

certification,' but to define a class in such a way as to ensure that there will be some administratively feasible [way] for the court to determine whether a particular individual is a member' at some point." *Id.* (quoting *Adair*, 764 F.3d at 358) (internal citation omitted).

A district court retains discretion "to modify [the class] in light of subsequent developments in the litigation." *City of Cape Coral Mun. Firefighters' Ret. Plan v. Emergent Biosolutions, Inc.*, 322 F. Supp. 3d 676, 682 (D. Md. 2018) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982)); *see Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir. 1983) ("Under Rule 23 . . . the district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts.").

### III.

In response to the recent briefing order seeking input respecting "whether a class of accounts that were time barred when the letters at issue were sent is 'readily identifiable—i.e. ascertainable,'" [Docs. 126 at 1, 127], Plaintiffs proposed the following class definition:

> All persons with West Virginia Addresses, who did not file bankruptcy on or after July 4, 2017, to whom Midland sent a debt collection letter on or after July 4, 2017 seeking to collect debt that originated from creditors Barclays Bank Delaware; Capital One; Chase; Citibank; GE Capital Retail Bank; HSBC; or WebBank, which letter was sent five years after charge off or five years plus sixty days after last payment, whichever is later, and which letter failed to provide the following disclosure: "The law limits how long you can be sued on a debt. Because of the age of your debt, [Midland] cannot sue you for it."

[Doc. 130 at 3]. MCM raises a number of concerns.

First, MCM contends that determining which states' limitations period applies is an individual inquiry which makes certification inappropriate. [Docs. 129 at 10, 131 at 11]. However, *West Virginia Code* § 55-2A-2 provides that the "period of limitation applicable to a claim accruing outside of this state shall be either that prescribed by the law of the place where the

5

claim accrued or by the law of this state, whichever bars the claim." W. Va. Code § 55-2A-2. Because the class definition specifies the later of five years after charge off or five years plus sixty days after the last payment, the class will consist of individuals whose debts are time barred under the West Virginia limitations period. W. Va. Code § 55-2A-2. Thus, it appears the Court need only examine the applicable West Virginia statute of limitations.

Second, MCM contends that determining when each account was in breach is another individual inquiry which makes certification inappropriate. [Doc. 131 at 9]. However, the class definition assures that the earliest date from which the statute of limitations begins to run is the date of charge off. MCM suggests that the date of charge off does not signify a breach. [Doc. 129 at 14–15]. But this is insufficient to make the class inascertainable. The class definition incorporates a time period long enough to ensure that the accounts are past the statute of limitations. Inasmuch as arguments regarding the date of breach require calculating the statute of limitations, the predecessor Judge aptly held the class administration period suffices to analyze the matter. [Doc. 98 at 7 (noting MCM "will have the opportunity to identify and object to any class members it contests")]. Such ministerial matters do not overwhelm the common questions of law and fact present among the class members.

Third, MCM asserts that tolling and revival issues present another individual inquiry making certification inappropriate. However, the class definition addresses this in two ways. First, recent payments will reset the calculation of the five-year and sixty-day time period. Second, the class excludes individuals who have filed for bankruptcy. MCM is correct in asserting that the relevant period to examine bankruptcy filings is the period before the statute of limitations ran on the accounts. Inasmuch as this requires an examination of which class members have filed for bankruptcy, courts routinely exclude such individuals from class actions. *See*, *e.g.*, *Rodriguez*

*v. Experian Info Sol., Inc.*, No. 2:15-cv-01224, 2018 WL 1014606 (W.D. Wash. 2018) (carving out from class persons whose obligations were discharged in bankruptcy). Doing so will not overwhelm the common questions of law and fact present among the class members. In any event, although the definition excludes individuals who filed for bankruptcy on or after July 4, 2017, the Court will amend the proposed boundaries to exclude individuals who filed for bankruptcy within the time periods presented in the class definition.

MCM additionally asserts that the potential for arbitration provisions presents another individual inquiry making certification inappropriate. Previously, the Court concluded that the parties presented factual questions regarding the existence of an agreement to arbitrate which necessitated a summary trial. [Doc. 119 at 7]. In response, the parties filed a joint stipulation identifying 5,351 accounts whose members are bound to arbitration agreements, precluding their participation in this action. [Doc. 120]. This Court is confident that the parties can identify and exclude any other class members subject to arbitration agreements. Should the parties disagree about the existence of arbitration agreements, the Court will proceed to the necessary, expedited summary trial, by video teleconference if necessary. This resolution will not overwhelm the common questions of law and fact present among the class members.

Next, MCM asserts that the redefinition of the class voids the previous summary judgment. [Doc. 131 at 18]. This is incorrect. MCM correctly notes that the summary judgment order entered by the predecessor Judge was indeed predicated on the assumption that each class members' debt was time barred. [Doc. 90 at 7]. However, the proposed class is necessarily a narrowed subset of the original certified class, as discussed above. Inasmuch as the summary judgment ruling applies to the original certified class, it applies with equal force to any subset of that class.

MCM also contends that due process should preclude certification. However, the Court has, following notice and an opportunity to be heard, fully adjudicated the arguments offered by MCM. Due process has in no way been abridged.

### IV.

The Court thus **CERTIFIES** the class as moulded. Additionally, the Court **ORDERS** a telephonic status conference set for January 25, 2021, at 9:30 a.m. to discuss the remaining case events herein. The call information is as follows: 571-353-2300. The access code is 590626132.

The Court directs the Clerk to transmit a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: January 20, 2021



Frank W. Volk
United States District Judge