UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

STEPHANIE ADKINS and,
DOUGLAS SHORT, on behalf of themselves
and all others similarly situated,

                Plaintiffs,

v.                                         CIVIL ACTION NO. 5:17-cv-04107

MIDLAND CREDIT MANAGEMENT, INC.,

                Defendant.

**ORDER**

The Court has received the parties' Joint Report Regarding Remaining Case Events in Response to the Court's Order of January 25, 2021 [Doc. 135], filed February 1, 2021. The parties set forth a timeline to bring the case to judgment. The parties also requested the Court's guidance on the arbitration and date of breach exclusions.

Regarding arbitration, on June 7, 2019, the Honorable Irene C. Berger ordered the Defendant to file motions to compel arbitration with respect to any class member within 30 days. [Doc. 101 at 2]. On July 8, 2019, Defendant Midland Credit Management filed its Motion to Compel Arbitration in which Defendant requested additional time to provide a full list of accounts subject to arbitration. [Doc. 108 at 19–20]. Plaintiffs Stephanie Adkins and Douglas Short filed their response on August 7, 2019, and Defendant filed its reply on August 14, 2019. [Docs. 111, 112]. The case was reassigned to the undersigned judge on October 29, 2019. [Doc. 113].

On September 28, 2020, the Court denied Defendant's motion to compel arbitration without prejudice and ordered a summary trial for October 27, 2020. [Doc. 119 at 7–8]. In its order,

the Court relied on Defendant's representation that "[a]fter conducting a reasonable and diligent analysis of the 11,774 class accounts during the past 30 days, we have located 4,793 accounts from the original creditors above that are subject to either an arbitration clause, a class action waiver, or both." [*Id.* at 6 (quoting [Doc. 107-2 at ¶ 45–46])]. In its order over 14 months after Defendant was ordered to submit its motions to compel arbitration, the Court noted that Defendant "encounters strong headwinds in attempting to essentially bypass production of the actual agreements." [Doc. 119 at 7].

Before the summary trial, the parties filed a stipulation on October 22, 2020, and identified 5,351 accounts bound by arbitration agreements to be excluded from the class. [Doc. 120 at ¶ 9]. The parties represented they entered into the stipulation in light of the expected time and anticipated burden of holding a summary trial regarding whether the accounts were subject to arbitration agreements. [*See id.* at ¶ 8]. However, the Defendant stated:

> Defendant makes this stipulation without prejudice to the arguments made in its Opposition to Class Certification and in its briefing on the Motion to Compel Arbitration and Amend Class Definition *that the existence of and determination whether members of the class are bound by arbitration agreements or class action waivers, raise individualized issues that render treatment of this case as a class action inappropriate*."

[Id. at ¶ 10 (emphasis added)]. The Court understands this reservation to mean that Defendant continues to resist class certification. It is noteworthy that the stipulation does not claim there are additional accounts subject to arbitration agreements.

Nevertheless, the Court is obliged to rigorously enforce arbitration agreements. [Doc. 119 at 5]. To compel arbitration, Defendant must demonstrate the four factors enumerated in the September 28, 2020 Order. [*Id.* at 7]. Defendant has offered to provide Plaintiffs with chain-of-title documents within 15 days, [Doc. 135 at 5], and the Court **ORDERS** them to do so.

The parties also requested guidance regarding the process for excluding accounts

regarding the date of breach and calculating the statute of limitations. [Doc. 135 at 6]. The September 28, 2020, Order concluded that the class definition "incorporates a time period long enough to ensure that the accounts are past the statute of limitations." [Doc. 133 at 6]. The Court further observed that the ministerial matter of objecting to class members Defendant wishes to contest "do[es] not overwhelm the common questions of law and fact." [*Id.* (agreeing with Judge Berger's earlier ruling)]. Throughout this litigation, Defendant suggests that its records are just onerous enough to search so as to render it immune to certification. The assertion ultimately proves too much, however; in sum, Defendant cannot claim its internal records are inaccurate when used by the Plaintiffs and accurate when used to defeat class certification.

As the Court has observed time and again, claims administration is the choke point to exclude the odd account falling outside the class parameters. [*See* Doc. 133 at 6 (finding such "ministerial matters do not overwhelm the common questions of law and fact present among the class members"); *see also* Doc. 89 at 10 (granting class certification for "thousands of nearly-identical claims involving the same core legal issues")].

The Court directs the Clerk to transmit a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: February 8, 2021

Frank W. Volk
United States District Judge